UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN DOE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil No. 17-11231-LTS |
| YOLANDA SMITH et al., | ) ) ) | |
| Respondents. | ) ) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 14)

October 19, 2017

SOROKIN, J.

John Doe,[1] a citizen of Kenya presently detained at the Suffolk County House of Corrections in Boston, Massachusetts, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. No. 1. The respondents seeks dismissal of the petition, arguing this Court lacks jurisdiction to entertain Doe's claims. Doc. Nos. 14, 15. Doe has opposed the respondents' motion, urging that his petition articulates constitutional challenges to his detention which are properly subject to federal habeas review.[2] Doc. No. 33. Because Doe is correct, the motion to dismiss is DENIED.

---

[1] At the petitioner's request, the Court has permitted the petitioner to proceed in this action under a pseudonym. Doc. Nos. 3; Doc. No. 15 at 5 n.3; Doc. No. 17.
[2] After the petition was filed, the Court allowed Doe's motion seeking appointment of counsel. Doc. No. 22. Before he learned that pro bono counsel had entered an appearance, Doe filed documents responding to the motion to dismiss. Doc. Nos. 26, 27, 28. To the extent Doe's pro se filings related to the motion to dismiss were styled as a motion, Doc. No. 26, the Clerk is directed to administratively terminate them. Because he is now represented by counsel, who had the opportunity to review any arguments Doe made in his pro se filings (which were accessible to counsel via the electronic docket in this case), the Court has considered only the counseled memorandum in opposition to the motion to dismiss. Doc. No. 33.

I.  BACKGROUND

Doe came to the United States from Kenya as a high-school student, then returned in 2008 to attend Yale University.  Doc. No. 1 at ¶ 10.  He went back to Kenya in 2010 and subsequently became involved in a project seeking justice for post-election violence victims.  Id.  He resumed his studies at Yale in 2013, graduated in 2014, and has remained in the United States since then.  Id.

In 2009 and 2014, Doe was arrested and faced criminal charges, but neither arrest resulted in a conviction.  Id. ¶ 11.  In November 2016, Doe was charged in New Hampshire with possessing marijuana and driving without a valid license.  Id.  He was released by the New Hampshire courts on bond, and those charges remain pending.  Id.

On December 19, 2016, Doe was taken into custody by Immigration and Customs Enforcement ("ICE").  Id. ¶ 9.  He was denied bond on January 11, 2017, after an Immigration Judge ("IJ") found he was a danger to the community.  Doc. No. 15-1 at 5.  Doe appealed.  Id. at 3.  On March 16, 2017, the IJ denied Doe's application for asylum but granted withholding of removal on two grounds – pursuant to section 241(b)(3) of the Immigration and Naturalization Act ("INA"), and under the Convention Against Torture ("CAT").[3]  Doc. No. 33-1 at 2.  The Department of Homeland Security ("DHS") appealed.  Doc. No. 33-4.  On May 10, 2017, despite the IJ's ruling in Doe's favor as to the removal question, the Board of Immigration Appeals ("BIA") affirmed the IJ's order denying bond, reasoning that Doe's "lengthy record of arrests, including for the violent offense of assault, demonstrates a disregard for the laws of the United States."  Doc. No. 15-1 at 3.

---

[3] Doe asserts he lost loved ones to post-election violence in Kenya, and later was arrested and tortured himself for his activism in support of victims of such violence.  Doc. No. 1 at ¶ 10.

2

On June 26, 2017, Doe placed his pro se habeas petition in the prison mailing system, Doc. No. 1 at 14, and it was received and docketed by this Court a week later. His petition includes substantive and procedural due process claims arising under the United States Constitution. Id. at 11-12. He seeks release from custody and injunctive relief. Id. at 13.

On July 7, 2017, the DHS asked the BIA to expedite the appeal in Doe's case. See Doc. No. 15-2 (seeking an expedited decision "[d]ue to [Doe's] continuing detention at government expense and the pending [federal habeas] litigation concerning [Doe's] continued detention"). Two weeks later, the DHS filed a motion requesting "a bond redetermination" for Doe, stating he was "eligible for a custody redetermination hearing," presumably in light of the IJ's ruling in his favor. Doc. No. 33-7 at 3. According to the DHS, such a hearing had been requested by Doe after the IJ's March ruling, but had not been scheduled previously because, "[t]hrough inadvertence," DHS had filed a form "incorrectly indicat[ing] that [Doe] had been released from ICE custody." Id.

In August 2017, the BIA ordered both parties to submit appellate briefs by September 13, 2017. Doc. No. 33-6. Also in August, the IJ held a custody redetermination hearing. Doc. No. 33 at 7; Doc. No. 33-8. On September 11, 2017, the IJ again denied bond, explaining:

> While the Court recognizes that [Doe] has been detained for a considerable amount of time, the duration of detention is not a factor that the Court may consider when determining if [Doe] should be released from custody. As the Court is unable to find that [Doe] does not pose a danger to the community, his request for release from custody will be denied.

Doc. No. 36-1 at 5. The IJ's decision reflects that, in both of his bond hearings, Doe bore the burden of proving he was not a danger to the community. Id. at 2-3.

Both parties now have submitted appellate briefs to the BIA, Doc. No. 40 at 5; nothing in the record or the law sheds light on when the appeal might be argued or resolved. Should DHS

prevail, however, the matter would be remanded to the IJ for further proceedings, during which Doe alleges he is likely to remain detained.

The respondents have moved to dismiss Doe's federal habeas petition, arguing he has failed to state a claim that is within this Court's jurisdiction to consider. Doc. No. 14. With pro bono counsel appointed, Doe opposed the motion. Doc. No. 33. Reply and sur-reply briefs have been filed, Doc. Nos. 36, 40, and the motion is now ripe for resolution.

II.  DISCUSSION

The respondents characterize Doe's petition as seeking "review of the IJ's individual discretionary custody determination and/or the BIA's affirmance of the IJ 'no bond' order," and they assert that such determinations are "judicially unreviewable." Doc. No. 15 at 4. This argument relies upon 8 U.S.C. § 1226(e), which states: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."

The respondents are correct that, under § 1226(e), this Court would lack jurisdiction to review the merits of the IJ's bond decision, or the BIA's affirmance thereof. But even if parts of Doe's petition appear to request such review, it does not stop there. Doe specifically invokes his procedural and substantive due process rights. Doc. No. 1 at ¶¶ 21-27. Indeed, the facts set forth in the petition, as well as the legal development of the claims provided in Doe's briefing, plainly assert two due process challenges, both of which are properly presented in a § 2241 petition and are within this Court's jurisdiction to consider. See Carranza v. I.N.S., 277 F.3d 65, 71 (1st Cir. 2002) ("Federal courts . . . retain subject matter jurisdiction over habeas petitions brought by

aliens facing removal to the extent that those petitions are based on colorable claims . . . that an alien's statutory or constitutional rights have been violated.").

First, Doe alleges he "has not received a constitutionally adequate bond hearing." Doc. No. 1 at ¶ 13. Specifically, as to his first bond determination, he claims he "was prevented from presenting his case for a full and fair bond hearing," "was not provided with the evidence" upon which the IJ relied, and was not permitted to speak or present his own evidence. Id. Although some of Doe's initial allegations may be less pertinent now that he has had a second bond proceeding, his submissions raise at least one lingering due process challenge to the adequacy of both bond hearings – the allocation of the burden of proof. His petition reflects, and the written bond decisions of the IJ and the BIA confirm, that the IJ placed the burden of proof on Doe to show "that he was neither a danger to the community nor a flight risk." Id.; see Doc. No. 15-1 at 3 (reflecting BIA's view on appeal of first bond decision that the IJ had "properly determined that [Doe] did not meet his burden to establish that he does not pose a danger to the community"); Doc. No.36-1 at 2-3 (reflecting IJ's view that Doe "did not prove that he is not a danger to the community" during his first bond hearing, and placing burden on Doe in second hearing to "establish to the Court's satisfaction that he does not pose a danger to persons or property, is not a threat to national security, and does not pose a flight risk").

This Court is empowered, through federal habeas review, to consider whether the IJ's bond determinations were the result of a constitutionally infirm process, either because Doe was denied adequate notice and an opportunity to be heard, or because the burden of proof imposed by the IJ failed to comport with due process. See Doc. No. 40 at 9 (urging that the Court has "equitable habeas power" to award relief including an order that Doe receive a bond hearing "employing a burden of proof that passes constitutional muster"); Doc. No. 1 at ¶¶ 16, 18 (citing

5

cases imposing burden on government at detention proceedings, and asserting hearing violates due process if burden is placed on petitioner); cf. Neziri v. Johnson, 187 F. Supp. 3d 211, 216-17 n.6 (D. Mass. 2016) (finding discretionary detention pending removal proceedings was "unreasonably prolonged," and ordering bond hearing with burden of proof on DHS).

Second, Doe asserts more generally that his detention, which now has lasted ten months, has become unreasonably prolonged, has no foreseeable end, and therefore violates his due process rights. Doc. No. 1 at ¶¶ 22-24. In making this claim, Doe is not challenging the *merits* of the IJ's bond determination or the DHS appeal of the decision withholding removal. "Rather, he is making a constitutional claim based on the length of his detention." Geegbae v. McDonald, No. 10-cv-10852, 2010 WL 4292734, at *2 (D. Mass. Nov. 1, 2010). Other sessions of this Court have entertained – and sometimes found meritorious – such constitutional claims in similar circumstances. See Neziri, 187 F. Supp. 3d at 217 (granting in part federal habeas petition based on due process violation arising from prolonged detention of Albanian citizen during pendency of removal proceedings); Geegbae, 2010 WL 4292734, at *1-2 (granting federal habeas petition based on due process violation arising from prolonged detention of Liberian citizen during DHS appeal of IJ ruling in petitioner's favor); Sengkeo v. Horgan, 670 F. Supp. 2d 116, (D. Mass. 2009) (granting federal habeas petition by Laotian citizen challenging length of detention after BIA reversed IJ's grant of asylum and remanded for consideration of an alternative basis for withholding removal).

Moreover, Doe bases his claims on decisions of the Supreme Court and the First Circuit regarding the constitutional limits governing detention of non-citizens facing removal proceedings. See Demore v. Kim, 538 U.S. 510 (2003) (holding "deportable criminal aliens" may "be detained for the brief period necessary for their removal proceedings," which "in the

majority of cases . . . lasts for less than . . . 90 days" and, if an appeal to the BIA is filed, lasts "an average of four months" longer); Zadvydas v. Davis, 533 U.S. 678, 682 (2001) (holding non-citizens awaiting removal after final orders of removal have entered may constitutionally be detained only for a "reasonable time" and not indefinitely); Reid v. Donelan, 819 F.3d 486 (1st Cir. 2016) (finding mandatory detention of criminal aliens under 8 U.S.C. § 1226(c) is unconstitutional if its duration "exceeds reasonable bounds," describing factors to consider in assessing reasonableness, and finding fourteen-month detention unreasonable). This Court may consider, pursuant to § 2241, whether the duration of Doe's detention exceeds constitutional bounds. See Sengkeo, 670 F. Supp. 2d at 121 ("The law is clear that the Court has jurisdiction to consider [the petitioner's] habeas petition challenging the length of her pre-removal detention.").

In sum, Doe's petition plainly presents two federal constitutional claims. This Court is empowered – and, indeed, required – to hear them.

III. CONCLUSION

For the foregoing reasons, the respondent's motion to dismiss (Doc. No. 14) is DENIED. Doe's pro se "Traverse to Motion to Dismiss" (Doc. No. 26) shall be TERMINATED.

The parties shall file a joint status report within seven days of this Order: 1) advising the Court of the status of the pending appeal of the IJ's decision in Doe's case, and of any changes to Doe's custody status; and 2) proposing an expedited schedule to govern further proceedings in this Court.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge